# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **CLEMMIE LEE MITCHELL, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 05-0443 (RWR)** |
| | ) | |
| **BUREAU OF PRISONS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM OPINION</u>

Plaintiff, appearing *pro se*, brought this action pursuant to the Privacy Act, 5 U.S.C. § 552a. Defendant has filed a motion to dismiss or, in the alternative, for summary judgment. Because the Court concludes that the plaintiff's claim is barred by the Privacy Act's statute of limitations and that the records at issue are exempt from the relevant provisions of the statute, summary judgment will be granted.

*Background*

Plaintiff is incarcerated at the United States Penitentiary in Lee County, Virginia ("USP-Lee"). Complaint ("Compl."), p. 3. On or about October 2, 2002, plaintiff alleges that he informed his unit case manager, Dawn Campbell, that the detainer lodged against him by the Bartow County, Georgia District Attorney's Office was false and inaccurate and had been dismissed in December, 1995. *Id.*, ¶¶ 1-2. The detainer concerned an alleged probation violation by plaintiff. Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment ("Deft's Mot."), Declaration of

Denise M. Gottleib ("Gottleib Decl."), Attachment B.  Plaintiff submitted to Ms. Campbell documents that indicated that while plaintiff was in the custody of Tennessee authorities in 1995, the State of Georgia declined to take custody of plaintiff.  Compl., ¶ 7.  Officials at USP-Lee told plaintiff that the Georgia authorities were contacted and those authorities stated that the detainer was still pending.  *Id.*, ¶¶ 8-11.

On October 18, 2002, plaintiff filed an Informal Resolution Form with his counselor regarding the detainer.  *Id.*, ¶ 14; Gottleib Decl., Attachment C, pp. 1-4.  In response to plaintiff's request, Unit Manager D. Haas contacted the Bartow County, Georgia Probation Office.  *Id.*, p. 5.  Mr. Haas was  informed by the Georgia official that the probation violation warrant issued against plaintiff was still active.  *Id.*  Mr. Haas informed plaintiff of this fact and that the Bureau of Prisons ("BOP") had no authority to lift the detainer.  *Id.*

On November 18, 2002, plaintiff filed a request for administrative remedy with the Warden of USP-Lee, B.G. Compton. *Id.*, p. 13; Compl., ¶ 16.  In denying the request, Warden Compton informed plaintiff that the detainer would remain on file unless the prison was advised by Georgia officials to remove it. *Id.*, ¶ 17; Gottlieb Decl., Attachment C, p. 15.  For the same reason, plaintiff's Regional Administrative Appeal was denied on December 31, 2002. *Id.*, pp. 16-17.  On January 15, 2003, plaintiff filed his Central Office Administrative Remedy Appeal. *Id.*, p. 19.  The appeal was denied on February 10, 2003. *Id.*, p. 21.  On September 10, 2003, the Superior Court of Bartow County, Georgia telefaxed to USP-Lee a court order denying plaintiff's motion to quash the detainer. *Id.*, Attachment E.

Plaintiff seeks an amendment of the alleged inaccurate records and that a letter be sent to Georgia officials notifying them of the inaccurate detainer information. *Id.*, p. 9.  He also requests

damages in the amount of $350.000 dollars.  *Id.*

*Discussion*

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).  Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994).

In considering whether there is a triable issue of fact, the court must draw all reasonable inferences in favor of the non-moving party.  *Anderson*, 477 U.S. at  255; *see also Washington Post Co. v. United States Dep't of Health and Human Servs.*, 865 F.2d 320, 325 (D.C. Cir. 1989).  The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 248.  The nonmoving party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).  Moreover, *"*any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly,* 963 F.2d 453, 456 (D.C. Cir.1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).  The mere existence of a factual dispute by itself, however, is not enough to bar summary judgment.  The party opposing the motion must show that there is a genuine issue of *material*

fact.  *See Anderson*, 477 U.S. at 247-48.[1]

The Privacy Act requires that an agency  "maintain all records which are used by the agency  in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination."  5 U.S.C. § 552a(e)(5).   The Privacy Act permits an individual to request an amendment to a record pertaining to him and requires the agency either to promptly correct the record or to explain its reasons for refusing to amend.  *See* 5 U.S.C. § 552a(d)(2).   An individual may bring a civil action if the agency declines to amend the record or fails to maintain accurate records and the plaintiff suffers an adverse determination as a result of the agency's decision.  5 U.S.C. § 552a(g)(1)(C).   A plaintiff can recover monetary damages if the agency's conduct was intentional or willful.  5 U.S.C. § 552a(g)(4).

To prevail on a Privacy Act claim for damages, plaintiff must show (1) the agency failed to maintain accurate records; (2) that the agency's conduct was intentional or willful; and (3) that an adverse determination was made respecting the plaintiff due to the inaccurate record. *Toolasprashad v. Bureau of Prisons*, 286 F.3d 576, 582 (D.C. 2002).   Plaintiff has the burden of proving that the agency's actions in violating the Privacy Act were intentional or willful. *Albright v. United States*, 732 F.2d 181, 189 (D.C. Cir. 1984); 5 U.S.C. § 552a(g)(4).  A willful or intentional act is "an act without grounds for believing it to be lawful, or [an act done] by flagrantly disregarding others' rights ... or a violation ... so patently egregious and unlawful that anyone undertaking the conduct should have known it unlawful." *Deters v. U.S. Parole Comm'n*,

---

[1] Defendant has alternatively moved to dismiss the complaint, but since the Court has considered matters outside the pleading, the motion will be considered under Rule 56.  *See* Fed. R. Civ. P. 12(b).

85 F.3d 655, 660 (D.C. Cir. 1996).

<u>Statute of Limitations</u>

Defendant contends that plaintiff's claims are barred by the Privacy Act's statute of limitations.  Under the Privacy Act, an individual must file a civil action "within two years from the date on which the cause arises."  5 U.S.C. § 552a(g)(5).  "A cause of action arises under the Privacy Act at the time that (1) an error was made in maintaining plaintiff's records; (2) plaintiff was harmed by the error; and (3) the plaintiff either knew or had reason to know of the error." *Szymanski v. United States Parole Comm'n*, 870 F.Supp. 377, 378 (D.D.C. 1994); *see Tijerina v. Walters*, 821 F.2d 789, 798 (D.C. Cir. 1987) (cause of action arises when "the plaintiff knows or should know of the alleged violation").  In an action challenging an agency's failure to amend, the limitations period  commences from the date of the denial of the request to amend.  *Blazy v. Tenet*, 979 F.Supp. 10, 18  (D.D.C. 1997).  "The critical issue for determining whether the plaintiff's action is barred by  § 552a(g)(5) is the time at which the plaintiff first knew or had reason to know" that allegedly inaccurate records were being maintained. *Diliberti v. United States*, 817 F.2d 1259, 1262 (7th Cir. 1987).

Plaintiff first told prison officials that the detainer had been dismissed on October 2, 2002.  *See* Compl., ¶¶ 1, 2.  Plaintiff formally requested that the BOP remove the Georgia detainer from his record on October 18, 2002. *Id.*, ¶ 16.  Thus, plaintiff was certainly aware of the alleged error in his record on that date.  Plaintiff submitted his complaint to this Court on February 14, 2005, along with a petition for leave to proceed *in forma pauperis*.   The Clerk of the Court will not accept a complaint for filing that is not accompanied by a filing fee until the Court has granted a petition for leave to proceed *in forma pauperis*. *See Washington v. White*,

231 F.Supp.2d 71, 75 (D.D.C. 2002).  The application to proceed *in forma pauperis* was granted

on February 18, 2005  and the complaint filed by the Clerk on March 2, 2005.

Plaintiff contends that the limitations should begin at the conclusion of the administrative

remedy process -- in this case, February 10, 2003.  Even if the Court accepted plaintiff's

argument, the complaint was still submitted four days beyond two years after BOP issued its final

decision on plaintiff's administrative appeal.  The Privacy Act's statute of limitations, however,

is subject to equitable tolling.  *See Chung v. U.S. Dep't of Justice*, 333 F.3d 273, 277-78 (D.C.

Cir. 2003); *Bernard*, 362 F.Supp.2d at 278.  Equitable tolling commonly applies when a plaintiff,

despite due diligence, cannot obtain information bearing on the existence of his claim.  *Id.*

Without question, plaintiff was well aware of all the information necessary for him to file

a Privacy Act claim over two years before filing this cause of action.   Moreover, there is no basis

for tolling the Privacy Act's limitations period while plaintiff pursues his administrative

remedies.  *Christensen v. U.S. Dep't of Interior*, 109 Fed. Appx. 373, 375 (10th Cir. 2004);

*Shannon v. Gen. Elec. Co.*, 812 F.Supp. 308, 320 & n. 10 (N.D.N.Y. 1993).   Plaintiff has not

offered any basis for the application of equitable tolling in this case.  Plaintiff's claims, therefore,

are barred by the statute of limitations.

<u>Exemption of Records from Privacy Act Requirements</u>

Even if plaintiff had timely filed this action, he would still not be entitled to relief.

An agency may promulgate regulations to exempt certain systems of records within the agency

from the Privacy Act.  *See* 5 U.S.C. § 552a(j)(2).  Systems of records containing investigatory

material compiled for law enforcement purposes are exempt.  *See* 5 U.S.C. § 552a(k)(2).

Pursuant to this authority, regulations exempt BOP's Inmate Central Records System.  *See* 28

6

C.F.R. § 16.97(a)(4).

The BOP maintains inmate detainers in the Inmate Judgment and Commitment File which is part of the Inmate Central Records System.  *See* Gottlieb Decl., ¶¶ 7, 8.  Consequently, insofar as plaintiff demands the amendment of the records at issue, such relief is unavailable under 5 U.S.C. § 552a(g).  *See White v. United States Probation Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (barring claim for amendment of presentence report maintained in Inmate Central Records System); *Risley v. Hawk*, 108 F.3d 1396, 1397 (D.C. Cir. 1997) (per curiam) (denying injunctive relief on the ground that regulations exempt BOP records from amendment provision of Privacy Act).   In addition, pursuant to 5 U.S.C. § 552a(j)(2), BOP's Inmate Central Records System is exempt from subsection (e)(5) of the Privacy Act. *See* 28 C.F.R. § 16.97(j) (effective August 9, 2002); *see also* 28 C.F.R. § 16.97(k)(2).  Accordingly, insofar as plaintiff demands damages for BOP's failure to maintain records in its Inmate Central Records System pertaining to him with the requisite level of accuracy and completeness, damages are not available.

*Conclusion*

Plaintiff's Privacy Act claims are barred by the statute of limitations and the records at issue  are exempt from the relevant provisions of the statute.  Therefore, the Court will grant summary judgment in favor of defendant.  A separate Order accompanies this Memorandum Opinion.

                                                      _____
                                                      RICHARD W. ROBERTS
                                                      United States District Judge

DATE: September 29, 2005